Clay *v* Wren.

## CLAY & ux. versus WREN.

The cases, in which a mortgagee of real estate may recover possession, before condition broken, are those in which there has not been any " agreement to the contrary."

Such an " agreement to the contrary" may arise by implication from the mortgage and the written instruments executed with it, and intended to carry the purposes of the parties into effect.

In a case, (submitted to the Court, with power to draw inferences of fact,) in which a mortgage, given to secure the price of a farm, was conditioned for the delivery, at the mortgagee's barn, of a specified quantity of hay in each year, for ten years, of an average quality with that cut on the farm, the Court will infer, that the hay was to be cut by the mortgager upon the farm, and that in order to do so, he was to retain possession, until a breach of the condition.

Where the condition of the mortgage was merely for the delivery of the hay, but a note was given by the mortgager to the mortgagee at the same time for the same quantity of hay, deliverable at the times and place specified in the mortgage, and also stating the quality and value of the hay, the Court will consider, that the mortgage was intended to secure that note, although no note be referred to in the mortgage.

Where upon such a note, the mortgager was charged as trustee of the mortgagee, and had delivered to the officer, holding the execution, the annual instalments of the hay, so far as they had become payable, — *Held,* that the condition of the mortgage had not been broken.

ON FACTS AGREED.

WRIT OF ENTRY.

The tenant purchased a farm of Clark Osgood, and gave him therefor a note for six tons of hay, yearly, for ten years, to be delivered at Osgood's barn, of the average quality cut on the farm, and valued at twelve dollars per ton. At the same time he gave Osgood a mortgage of the farm, conditioned for the delivery, at Osgood's barn, of six tons of hay, yearly, for ten years. The mortgage contained no reference to the note. The instalments of hay, due for the first two years, were duly delivered to Osgood. The defendant was then summoned, and he disclosed and was charged, as trustee to Osgood; and upon the executions, issued on that process, he had delivered, at his own barn, to the officer, all the other instalments of hay which had become payable, agreeing to haul it for the purchasers, a distance not exceeding that to Osgood's barn, which agreement he complied with. After the aforesaid proceedings had been had, Osgood assigned the mortgage to the female plaintiff, and this suit is brought by herself and husband, to obtain possession of the land by force of the mortgage. The case was submitted to the Court, with power to draw inferences of fact.

*Hinckley,* for the plaintiff.

1. A mortgagee may enter immediately, or have a writ of entry against the mortgager, unless there be an agreement between them to the contrary. In this case, there was no such agreement.

2. The condition of the mortgage had been broken by the neglect of the defendant to deliver the hay at the barn of Osgood, where it is reasonable to suppose it would have been more valuable than at the place where the officer sold it. *Jewett* v. *Bacon,* 6 Mass. 60.

The trustee process did not preclude Osgood from conveying a title to the plaintiffs. It only suspended his right of action, during its pendency. The action might have been defeated or settled without, in any way, effecting the mortgage.

Clay *v.* Wren.

The statute on foreign attachment, chap. 119, § 4, provides " that such service on the trustee, shall bind all goods, effects, or credits of the principal defendant, intrusted and deposited in his hands or possession, to respond the final judgment in the action in *like manner as goods or estate when attached by the ordinary process.*

An attachment does not deprive the debtor of the right to convey the property subject to it. *Nichols* v. *Prince,* 18 Maine, 231; *Blake* v. *Shaw,* 7 Mass. 505; *Fettyplace* v. *Leech,* 13 Pick. 388; *Arnold* v. *Brown,* 24 Pick. 89.

It does not appear that the note disclosed has any connection with the mortgage; it is not mentioned in it, and contains provisions different from those in the condition. It is not necessary that any note should accompany the mortgage. *Smith* v. *People's Bank,* 24 Maine, 185.

*Drinkwater,* for the defendant.

THE opinion of the Court, SHEPLEY, C. J., WELLS, RICE and APPLETON, J. J., was drawn up by

SHEPLEY, C. J. — Clark Osgood appears to have been the owner of a farm and to have conveyed it to the tenant, receiving from him a contract to deliver yearly, for ten years, " six tons of good English hay," with a mortgage of the farm to secure its performance.

According to the agreed statement of facts, there has been no breach of the condition ; for the mortgager was by virtue of a judgment, legally entered against him and the mortgagee, obliged to deliver part of the hay to another ; and that duty he appears to have performed as perfectly as he could have done it.

By the provisions of the statute, chap. 125, § 2, the mortgagee may recover possession, before there has been any breach of the condition, " when there is no agreement to the contrary, but in such case, if the debt be afterwards paid or the mortgage redeemed, the amount of the clear rents and profits from the time of the entry shall be accounted for and deducted from the amount due on the mortgage." The agreement

named in the statute may be one arising by implication out of the written instruments executed at the time and necessary to carry their designs into effect.

If the mortgager were desirous of paying immediately the amount due and secured by the mortgage, it is not perceived, that he could legally do so. The holder of the mortgage would not be obliged to receive the hay before the times appointed. There might not be any satisfactory mode of ascertaining the quality of the hay to be delivered in future years, or the cost of it to the mortgager. The provision, that it is "to be valued at twelve dollars per ton," can only fix the price to be paid in case of neglect to perform. If the mortgager cannot redeem before the expiration of the time appointed, he must deliver the hay yearly, to prevent an entry for condition broken; and could not safely allow more than the amount to be delivered during the last three years, to remain undelivered, without being liable to incur a forfeiture of the estate. If the mortgagee or any irresponsible assignee might enter and receive the profits during the residue of the ten years, they might amount to a sum much larger than would be then due and secured by the mortgage, and they could not be deducted from the amount due upon the mortgage, according to the provisions of the statute; and if the persons receiving them should be unable to repay the balance, the loss would fall upon the mortgager.

Such results could not have been contemplated by the parties to the contract, or by the framers of the statute. To ascertain the intention of the parties, all the documents executed at the same time as parts of the same transaction may properly be considered together.

The contract does not in terms provide, that the hay to be delivered shall be part of that cut yearly upon the farm; but the provision, that it shall in quality be an average of that cut upon it, discloses the expectation of the parties. It is quite probable that neither the intentions of the parties, nor the provisions of the statute could be carried into effect in this case, if the mortgager should be deprived of the posses-

Clay *v.* Wren.

sion of the farm before condition broken. While there appears to be no obstacle to prevent all parties from obtaining their perfect rights by allowing their contracts to contain by implication an agreement, that the mortgager should retain possession, until there has been a breach of the condition. The cases cited by the counsel for the tenant fully authorize such an implication.

*Demandants nonsuit.*